UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKIE ROSS HANSEN,

            Plaintiff,

v.

STATE OF WASHINGTON,

           Defendant.

Case No. C12-777 RSM-BAT

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Mikie Ross Hansen filed a proposed 42 U.S.C. § 1983 civil-rights complaint and the Clerk informed him via letter that he had either to pay the filing fee or to submit an *in forma pauperis* application to proceed. (Dkts. 1, 3.) Plaintiff responded by filing a motion stay his case indefinitely. (Dkt. 4.) Having reviewed the proposed complaint and the entire record, the Court recommends **DENYING** plaintiff's motion to stay (Dkt. 4) and **DISMISSING** this matter without prejudice for failure to state a claim upon which relief may be granted and for seeking monetary relief from an immune entity. 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

Plaintiff is a sex offender who presently appears to be detained in Western State Hospital. *See* Pierce County Sheriff's Office Website, Offender Search, *located at* http://www.icrimewatch.net/offenderdetails.php?OfndrID=883512&AgencyID=54483 (last accessed June 12, 2012). He brings this lawsuit against the State of Washington, seeking the

REPORT AND RECOMMENDATION - 1

return of unspecified property and "10 million or best offer." (Dkt. 1, at 4.) In full, the statement of his claim is as follows:

> I had 4 letters and I flushed them toil[e]t whent [sic] over it was fix then I have been tok [sic] to my face I don[']t want you too [sic] your property[.]
>
> I am called a li[a]r to my face[.]
>
> It's got SS[I] papers yellow paper ect [sic][.]

(Dkt. 1, at 3.) In full, plaintiff's motion to stay this matter indefinitely reads as follows:

> Please put a freeze on my case I need time[.]
>
> They still w[]on[']t give me my page of legalthing [sic] paper encacops [sic] are hard for me to[] get people at this hospital are playing games and they are us[]ing me as a turn I am a turn but I get sick of people us[]ing me[.]
>
> Well stay warm[.]

(Dkt. 4, at 1.)

The only defendant in this action is the State of Washington, which must be dismissed because the State is not a "person" for purposes of 42 U.S.C. § 1983 because it has not waived sovereign immunity for damages actions. See *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has failed to state what person, acting under color of state law, deprived him of any constitutional right whatsoever. His allegations suggest that plaintiff himself was the one who disposed of his own property in the toilet. Where, as here, an adequate post-deprivation remedy for the loss of a detainee's property exists— administratively or via state tort law—there is no cognizable § 1983 action for the negligent or intentional acts of state officials. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981).

The Court recommends **DENYING** plaintiff's motion to stay this matter indefinitely (Dkt.

4) and **DISMISSING** this matter without prejudice for failure to state a claim upon which relief may be granted and for seeking monetary relief from an immune entity. 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). Plaintiff will not be prejudiced by such a dismissal: he has not yet submitted a filing fee or an IFP application and may file an adequately supported § 1983 action once he is ready to proceed.

Any objections to this Recommendation must be filed and served upon all parties no later than **July 5, 2012.** The Clerk should note the matter for **July 6, 2012**, as ready for the District Judge's consideration if no objection is filed. Objections shall not exceed 10 pages. The failure to timely object may affect the right to appeal.

DATED this 13th day of June, 2012.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge